IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BROUGHTON LUMBER CO.**, a Washington corporation, | Civil Case No. 09-1110-KI |
| Plaintiff, | OPINION AND ORDER |
| vs. | |
| **BNSF RAILWAY COMPANY**, a Delaware Corporation; and **HARSCO CORPORATION**, a Delaware Corporation, | |
| Defendants. | |

    Michael E. Haglund
    Michael K. Kelley
    Scott W. Horngren
    Haglund Kelley Horngren Jones & Wilder LLP
    1800 One Main Place
    101 SW Main Street
    Portland, Oregon  97204-3226

        Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

David P. Morrison
Kimberly R. Griffith
Cosgrave Vergeer Kester LLP
805 SW Broadway, 8th Floor
Portland, Oregon  97205

    Attorneys for Defendants

KING, Judge:

Before the court is defendant BNSF Railway Company's Motion to Strike (#14).  I have concluded no further briefing is necessary to resolve the motion and, for the following reasons, I grant the motion.

## BACKGROUND

Plaintiff Broughton Lumber Company owns property situated in Skamania County in the Columbia River Gorge.  The company is in the process of converting an industrial mill located on the property into a resort with a hiking trail system.  More than two-thirds of the property is designated as open space under the Columbia River Gorge Management Plan ("management plan") and Skamania County ordinances.

On September 20, 2007, defendant Harsco Corporation conducted track grinding on the railroad tracks owned by defendant BNSF; the railway line runs through plaintiff's property.  Plaintiff characterizes track grinding as a dangerous process because it generates molten metal which starts fires on the railroad ties and nearby property.  Defendants in fact did start a fire, destroying historic structures and large oak and other trees on over 60 acres of the property.  Plaintiff alleges its structures were damaged in the amount of $1.2 million and landscape restoration cost $3.6 million.

Plaintiff alleges trespass, negligence and strict liability for carrying on an ultrahazardous activity. Plaintiff's First Amended Complaint also contains a section entitled, "Violations of Columbia River Gorge National Scenic Area Act and County Regulations." First Am. Compl. ¶ 10-19. Plaintiff contends that the Columbia River Gorge National Scenic Area Act (the "Scenic Area Act"), 16 U.S.C. §§ 544-544p, prohibits the destruction of scenic, cultural and natural resources, and that defendants' track grinding:

> violated the Scenic Area Act in the following particulars:
>
> a.   Recklessly causing the destruction of cultural resources including historic buildings and sections of the flume;
>
> b.   Recklessly causing the destruction of natural resources including long established trees, shrubs and other vegetation providing important wildlife habitat; and
>
> c.   Recklessly causing the degradation of scenic resources as seen from key viewing areas.

Id. ¶ 16.

Defendants move to strike from the First Amended Complaint all references to the Scenic Area Act.

## STANDARDS

Rule 12(f) allows the court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. See Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). It is within the court's discretion whether to grant a motion to strike. Federal Sav. & Loan Ins. Corp. v. Gemini Mgmt., 921 F.2d 241, 244 (9th Cir. 1990). Motions to strike are

Page 3 - OPINION AND ORDER

disfavored and are infrequently granted. Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty., Ltd., 647 F.2d 200, 201 n.1 (D. C. Cir. 1981) (per curiam).

## DISCUSSION

Defendants seek to strike from the First Amended Complaint all references to the Scenic Area Act. Plaintiff concedes that the Scenic Area Act does not provide a private right of action in the context of this case. Plaintiff initially contended, during conferral, that it intended to prove negligence per se, but defendants pointed out in their opening brief that Washington (the applicable law) has abolished negligence per se. Instead, under Washington law, a violation of a statute may be considered by the trier of fact to be evidence of negligence. Wash. Rev. Code § 5.40.050. As a result, plaintiff now agrees it may not proceed on a negligence per se theory, but it argues it is entitled to "present evidence of defendants' statutory violations" of the Scenic Area Act in order to prove its common law negligence claim. Pl's. Mem. at 3.

The Scenic Area Act created a national scenic area in the Columbia River Gorge, an area abutting the Columbia River in Oregon and Washington. The Columbia River Gorge Commission is charged with implementing the twin purposes of the Scenic Area Act: to "protect and provide for the enhancement of the scenic, cultural, recreational, and natural resources" of the Gorge and to protect and support the economy. 16 U.S.C. § 544a. Pursuant to its statutory mission, the Commission completed a management plan to guide land use decisions in the Gorge and each of the six counties within the Scenic Area adopted land use ordinances "consistent" with the management plan. 16 U.S.C. § 544e; see also Skamania County Code ("SCC") Title 22.

Plaintiff's theory is that defendants' conduct is a violation of the management plan, and therefore a violation of the Scenic Area Act. Specifically, it contends only those uses specifically

listed in the management plan are allowed.  If the activity is not listed, it is prohibited.  See Friends of the Columbia Gorge, Inc. v. Skamania County, CRGC No. COA-S-95-01 (Columbia River Gorge Comm'n 1995) (concluding that because clubhouse not specifically mentioned as an allowed use, it is prohibited).  Plaintiff leaps, then, to the conclusion that reckless conduct, which destroys resources protected by the Scenic Area Act, is prohibited because it is not listed as an allowed use.  It contends, for example, that because the "[r]emoval of timber . . . for purposes of public safety [only]" is permitted, the reckless destruction by fire of those same resources is prohibited.  Additionally, plaintiff suggests that railroads have a responsibility to ensure that their activities are not unreasonably risky, and courts have a duty to ensure that railroads live up to their responsibility as a matter of public policy.

With respect to its negligence claim, I find that all references to the Scenic Area Act must be stricken as immaterial to the case.  As an initial matter, plaintiff has not alleged that defendants are subject to the strictures of the Scenic Area Act, the management plan and the ordinances.  The Act, the management plan, and the ordinances generally guide what land uses are permitted and prohibited.  Together the laws guide landowners and planning departments as to which current uses may continue and which future uses are permitted.  The management plan and ordinances set forth the application process to change uses and guide the size, shape and placement of uses.  Defendants' actions do not fall within any of these categories.

Even assuming defendants must comply with these laws, I am not convinced that defendants can be deemed to have "violated" any provision of the Scenic Area Act.  Importantly, plaintiff fails to point to any provision of the Scenic Area Act, the management plan or the Skamania County ordinances which it believes defendants have violated.  Absent a violation of

Page 5 - OPINION AND ORDER

the law, there is no breach of a duty or standard of care which a factfinder could consider in evaluating whether defendants were negligent.

Further, I do not accept plaintiff's argument that because "removal of timber . . . for purposes of public safety [only]" is allowed by the management plan, "reckless behavior which has a high risk of destroying the same protected resources" is a violation of the Scenic Area Act. Pl's. Mem. at 7. I note that the Scenic Area Act and the Skamania County Code do not punish reckless conduct. Instead, the Scenic Area act penalizes willful violations of the management plan, ordinances, or any implementation measures. 16 U.S.C. § 544m. Similarly, the Skamania County Code punishes only knowing violations of the management plan, ordinances, Commission orders or measures. SCC 22.02.110; see also State v. Ridgley, 141 Wash. App. 771, 782, 174 P.3d 105, 111 (2007) ("willful or wanton is a higher mental state than reckless") (internal quotations and citation omitted). Finally, the court must only interpret the law, not rewrite it; accordingly, I cannot accept plaintiff's public policy argument.

I agree with plaintiff in part that the Scenic Area Act is relevant to its third claim for relief. In that claim, plaintiff alleges that defendants undertook an ultrahazardous activity. One component of the multi-factor test for such a claim is whether the activity was appropriate in the location where it occurred; in other words, plaintiff may show undertaking track grinding on land designated open space in the Scenic Area constituted an ultrahazardous activity. See Restatement (Second) of Torts § 520 (1977); Klein v. Pyrodyne Corp., 117 Wash. 2d 1, 6, 810 P.2d 917 (1991), as amended by, 817 P.2d 1359 (listing factors required to prove ultrahazardous activities claim). Accordingly, plaintiff may argue "negligently causing a fire on plaintiff's

property was somehow worse than starting a fire on regular property, on account of [the property's] special designations [as open space.]"  BNSF's Reply at 8.

## CONCLUSION

For the foregoing reasons, defendants' Motion to Strike (#14) is granted.  Plaintiff is directed to file a Second Amended Complaint by February 1, 2010, excising the portions of the following paragraphs that reference the Columbia River Gorge Scenic Area Act:  paragraphs II.A.1; IV.10; IV.12; and IV.16.a, b and c of its First Amended Complaint.

IT IS SO ORDERED.

Dated this      25th        day of January, 2010.


　　　　　　　　　　　　　　　　  /s/ Garr M. King
　　　　　　　　　　　　　　　　 Garr M. King
　　　　　　　　　　　　　　　　 United States District Judge