IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BROUGHTON LUMBER CO.,** a Washington corporation, | Civil Case No. 09-1110-KI |
| Plaintiff, | OPINION AND ORDER |
| vs. | |
| **BNSF RAILWAY COMPANY**; and **HARSCO CORPORATION**, a Delaware corporation, | |
| Defendants. | |

      Michael E. Haglund
      Michael K. Kelley
      Scott W. Horngren
      Haglund Kelley Horngren Jones & Wilder, LLP
      200 SW Market Street
      Portland, Oregon 97201

           Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

      David P. Morrison
      Kimberly R. Griffith
      Cosgrave Vergeer Kester LLP
      805 SW Broadway, 8th Floor
      Portland, Oregon  97205

           Attorneys for Defendants

KING, Judge:

      This dispute between plaintiff Broughton Lumber Co. ("Broughton") and defendants BNSF Railway Company and Harsco Corporation arises out of a fire caused by defendants' grinding of the railroad tracks running adjacent to plaintiff's property.  Pending before me is Defendants' Partial Motion for Summary Judgment (#67).

## BACKGROUND

      Broughton owns 260 acres near Underwood, Washington, all of which are located in the Columbia River Gorge National Scenic Area.  At the time of the fire, Broughton was in the process of converting the property from an industrial mill to a resort with a hiking trail system.

      On September 20, 2007, BNSF and its contractor, Harsco, were grinding BNSF's railroad tracks to extend the life of the tracks.  The process of track grinding generates molten metal which can start fires on the railroad ties and nearby property.  Defendants' track grinding operation, allegedly without fire prevention and suppression systems in place, did cause a fire on September 20, 2007, burning 62 acres of Broughton's property and destroying historic structures and large oak and other trees.  Broughton alleges structural damage in the amount of $1.2 million, and the loss of an additional $3.6 million for landscape restoration and damage to trees.

Broughton asserts claims for trespass, negligence, waste, and ultrahazardous activity, all under Washington law.  For its trespass claim, Broughton alleges in pertinent part:

> In causing a fire which damaged or destroyed timber and other vegetation on plaintiff's property, defendants have violated Washington's timber trespass statute which prohibits cutting down, girdling or otherwise injuring "any tree, timber or shrub on the land of another person . . . without lawful authority."  R.C.W. 64.12.030.

Third Am. Compl. ¶ 24.  It seeks treble damages under R.C.W. 64.12.040 for defendants' alleged willful and reckless behavior.

For its waste claim, Broughton alleges, "In causing the fire which damaged or destroyed plaintiff's property, defendants caused the waste of plaintiff's structures and equipment in violation of R.C.W. 4.24.630, which prohibits wrongfully causing waste or injury to land and improvements to real estate on land."  Third Am. Compl. ¶ 29.  It similarly seeks treble damages pursuant to R.C.W. 4.24.630 for defendants' alleged willful and reckless behavior.

Broughton concedes that "defendants' employees did not enter plaintiff's property before the September 20, 2007 fire or as part of any firefighting efforts that day[.]"  Pl's. Res. to CSMF at 3, ¶ 4.

## LEGAL STANDARDS

I.    <u>Summary Judgment Standard</u>

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The initial burden is on the moving party to point out the absence of any genuine issue of material fact.  Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried.

Page 3 - OPINION AND ORDER

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party.  Universal Health Services, Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004).

II.     Rules of Statutory Interpretation

The parties agree that Washington law applies to Broughton's trespass and waste claims.  In interpreting a statute, Washington law requires the court to determine the legislature's intent.  Dep't of Ecology v. Campbell & Gwinn, LLC, 43 P.3d 4, 8 (Wash. 2002).  If the meaning of the statute "is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent."  Id. at 9-10.  Any undefined terms must be given their usual and ordinary meanings.  Burton v. Lehman, 103 P.3d 1230, 1234 (Wash. 2005).

"A statute is ambiguous only if susceptible to two or more reasonable interpretations, but a statute is not ambiguous merely because different interpretations are conceivable."  Id.  If a statute can be interpreted in more than one way, the court should read the statute to give effect to the legislature's intent.  Id.  If, however, the legislature's intent is not clear, the court may refer to cases, legislative history, and rules of statutory construction.  Id.; see also Cockle v. Dep't of Labor & Indus., 16 P.3d 583, 586 (Wash. 2001).

**DISCUSSION**

I.      Timber Trespass

R.C.W. 64.12.030[1] provides:

Whenever any person shall cut down, girdle, or otherwise injure, or carry off any tree, timber, or shrub on the land of another person . . . without lawful authority, in an action by such person . . . against the person committing such trespasses or

---

[1]The statute was amended in 2009.  This was the language in effect in 2007.

Page 4 - OPINION AND ORDER

any of them, if judgment be given for the plaintiff, it shall be given for treble the amount of damages claimed or assessed therefore, as the case may be.

Under R.C.W. 64.12.040, if the trespass appears to be "casual or involuntary . . . judgment shall only be given for single damages."

I am instructed by Washington case law to look first at the language of the statute to determine whether it is ambiguous. The key phrase in the timber trespass statute is "otherwise injure." That phrase could encompass the kind of injury alleged here–damage to timber as a result of fire–but it is not clear whether the statute contemplates liability for timber damaged by a fire that starts on the owner's land and spreads to adjacent land owned by another. Consequently, I look to canons of statutory construction, case law, and legislative history to determine whether Broughton may invoke the timber trespass statute here.

The term "otherwise injure" must be construed by reference to the principle of "ejusdem generis." That rule of statutory construction directs:

> [W]here general words follow an enumeration of persons or things, by words of a particular and specific meaning, such general words are not to be construed in their widest extent, but are to be held as applying only to persons or things of the same general kind or class as those specifically mentioned.

Cockle, 16 P.3d at 586 (quoting Black's Law Dictionary 517 (6th ed. 1990)). Here, "otherwise injure" follows the terms "cut down" and "girdle." The two terms refer to cutting down trees, usually during lumber operations, which requires physical presence on the property to take the trees with tools. Applying this canon of statutory construction, then, it does not appear that damage to timber by fire is the kind of injury the statute contemplates.

When the Washington Supreme Court has issued no guidance on the meaning of a statute, a Washington Court of Appeals' decision is "a datum for ascertaining state law which is not to be

Page 5 - OPINION AND ORDER

disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." West v. Am. Tel. & Tel. Co., 311 U.S. 223, 237 (1940); see also Meusy v. Montgomery Ward Life Ins. Co., 943 F.2d 1097, 1099 (9th Cir. 1991) (quoting West). In a situation somewhat similar to this one, the Washington Court of Appeals confirmed the narrow application of Washington's timber trespass statute by finding it inapplicable to remedy damage to cherry trees caused by water seepage from an irrigation canal that crossed plaintiffs' property. The court explained:

> The purpose of this statute is threefold: (1) to punish a willful offender; (2) provide for treble damages; and (3) discourage persons from carelessly and intentionally removing another's shrubs or trees on the gamble that the enterprise will be profitable if actual damages only are incurred. These purposes do not contemplate an award of damages for canal seepage.

Seal v. Naches-Selah Irr. Dist., 751 P.2d 873, 875 (Wash. App.), review denied, 110 Wash.2d 1041, 1988 WL 632474 (Wash. July 5, 1988). The court rejected plaintiff's argument that "there should be no distinction drawn between trees damaged by the trespass of an individual with a chain saw, or by the trespass of a thing under a person's control." Id. at 875. The court found no authority supporting plaintiffs' argument that the girdling of a tree by a fungus was "as much a trespass as the girdling of a tree by a human hand," id., and affirmed the trial court's refusal to instruct the jury on plaintiffs' theory.

The case on which Broughton relies for the proposition that defendants need not have entered its land to be held liable under the timber trespass statute is inapplicable. Bremerton Cent. Lions Club, Inc. v. Manke Lumber Co., 604 P.2d 1325 (1979) permitted liability against a defendant who knowingly sold timber he did not own to a lumber company, which harvested the timber. While the defendant never set foot on the property, the co-defendant lumber company

did and logged the plaintiff's land at the defendant's direction. As a result, the defendant was liable for treble damages.

Based on the above authority, I decline Broughton's invitation to import the holdings from common law trespass cases into its statutory claim. See JDFJ Corp. v. Int'l Raceway, Inc., 970 P.2d 343 (Wash. App. 1999) ("the unlawful acts which are contemplated by the statute are specifically delineated therein"–cutting down, girdling or otherwise injuring, or carrying off a tree, timber or shrub). Accordingly, I do not consider the cases in which courts held parties liable, under a common law trespass theory, for actions they took on their own property that injured a neighbor's property. See e.g., Zimmer v. Stephenson, 66 Wash. 2d 477, 403 P.2d 343 (1965) (tractor without spark arrestor caused fire that burned neighbor's wheat crop); Bradley v. Am. Smelting & Refining Co., 709 P.2d 782 (Wash. 1985) (smelter's pollutants trespassed on neighbor's property). The timber trespass statute is intended to punish a specific kind of trespass and simply supplements the common law.

Accordingly, based on the above authority, I conclude the term "otherwise injure" does not apply to the fire defendants started that damaged Broughton's trees. Broughton's claim for treble damages under the timber trespass statute is dismissed.

II.     Waste

R.C.W. 4.24.630(1) provides:

> Every person who goes onto the land of another and who . . . wrongfully injures personal property or improvements to real estate on the land, is liable to the injured party for treble the amount of the damages caused by the removal, waste or injury. For purposes of this section, a person acts "wrongfully" if the person intentionally and unreasonably commits the act or acts while knowing, or having reason to know, that he or she lacks authorization to so act.

Page 7 - OPINION AND ORDER

Washington courts have opined that the waste statute is "precisely and unambiguously worded" and that the "statute's premise is that the defendant physically trespasses on the plaintiff's land." Colwell v. Etzell, 81 P.3d 895, 898 (Wash. App. 2003); see also Clipse v. Michels Pipeline Constr., Inc., 225 P.3d 492, 494 (Wash. App. 2010) ("[T]he statute establishes liability for three types of conduct occurring upon the land of another . . . [and] [p]resence on the land is required for all three."). I am bound by Washington law, and conclude that the statute is clear: defendants must have entered Broughton's land in order to be liable for waste. Broughton concedes defendants never set foot on its property. This claim must be dismissed.

## CONCLUSION

For the foregoing reasons, I dismiss with prejudice Broughton's timber trespass and waste claims.

IT IS SO ORDERED.

Dated this    8th    day of November, 2010.


                                              /s/ Garr M. King
                                             Garr M. King
                                             United States District Judge